UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BENNY CHRIS LOWE, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No. | 3:23-CV-242-DCLC-JEM |
| ANDERSON COUNTY, | ) |  |  |
| Defendant. | ) |  |  |

## MEMORANDUM & ORDER

This prisoner's pro se complaint for violation of 42 U.S.C. § 1983 is proceeding as to Plaintiff's claim that he did not receive certain dental care while in the Anderson County Detention Facility ("ACDF") [Doc. 7 p. 8]. Now before the Court are Defendant Anderson County's (1) motion to compel Plaintiff to respond to discovery [Doc. 33] and (2) motion for summary judgment [Doc. 36], in support of which it filed various exhibits [Docs. 36-1–36-6], a memorandum [Doc. 37], and a statement of undisputed facts [Doc. 38]. Plaintiff did not file a response to either of these motions, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, Plaintiff waived any opposition to these motions. E.D. Tenn. L.R. 7.2.

As the record contains no proof to support Plaintiff's dental care claim proceeding against Defendant Anderson County, this Defendant's motion for summary judgment [Doc. 36] will be **GRANTED**, and this action will be **DISMISSED**. As such, Defendant Anderson County's motion to compel Plaintiff to respond to discovery [Doc. 33] will be **DENIED as moot**.

**I.  STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). When "a party . . . fails to properly address another party's assertion of fact," a court can consider the fact undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2).

A district court cannot grant summary judgment because the adverse party did not respond but instead must, at a minimum, ensure the movant has met its burden. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

## II. BACKGROUND

Plaintiff's unsworn complaint[1] alleges that, despite Plaintiff filing a number of sick call requests regarding a dental issue while in the ACDF, he had not received any dental care or antibiotics as of the date on which he filed that complaint, which caused him to lose teeth and suffer tissue damage [Doc. 7 p. 3–6].

---

[1] As the complaint is not sworn under penalty of perjury, the Court does not consider the allegations therein evidence for summary judgment purposes. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (providing a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements in evaluating a motion for summary judgment). As such, the Court will not summarize the complaint allegations in detail herein and provides this summary only for background.

In support of Defendant Anderson County's motion for summary judgment, however, this Defendant has filed proof that (1) Plaintiff testified at his deposition that the dental issue alleged in his complaint "took care of itself" without him receiving antibiotics [Doc. 36-1 p. 6]; (2) during the time period relevant to Plaintiff's complaint, the ACDF had a contract with Southern Health Partners ("SHP") under which SHP was responsible for providing appropriate dental care to inmates in the ACDF to the extent SHP determined that care was medically necessary, and this contract specifically provided that a non-physician would not "countermand[]" any clinical decisions; (3) the ACDF also had a contract with a dentist who visited the ACDF once a month; (4) during his ACDF incarceration, specifically from May 6 through May 31, 2023, Plaintiff requested dental care, specifically a filling; (5) the response to Plaintiff's initial request for dental work indicated the dentist provided only extractions, not fillings; (6) the response to Plaintiff's May 10, 2023, medical request indicated medical personnel saw Plaintiff on or before May 12, 2023; (7) Nurse Brown's response to Plaintiff's May 16, 2023, medical requests indicated that Plaintiff was put on the ACDF's dentist list; (8) Plaintiff's ACDF medical records indicate medical personnel saw Plaintiff for dental pain on June 6, 2023, and ordered him ibuprofen on May 12, 2023, and June 6, 2023; and (9) when the ACDF dentist was available to see Plaintiff, "[Plaintiff] declined to be seen and was subsequently removed from the dentist list" [Doc. 36-2 p. 1–3; *see also* Docs. 36-3–6].

### III. ANALYSIS

A prison official's deliberate indifference to a prisoner's serious medicals needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). A prisoner's need for dental treatment is a type of serious medical need examined under the Eighth Amendment. *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).

Jail officials may be deliberately indifferent to serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle*, 429 U.S. 104–05. Establishing a violation of the Eighth Amendment in the medical context requires evidence that that acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Such a claim "has [both] objective and subjective components." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

Under the objective prong, the court must determine whether the plaintiff had a sufficiently serious medical need. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). A plaintiff may establish a serious medical need in two ways: (1) by showing that the injury was so obvious that even a lay person would easily recognize the need for medical treatment; or (2) if the injury was less obvious or the prisoner challenges a denial of a certain medical treatment, by showing the detrimental effect of a delay in treatment. *Blosser v. Gilbert*, 422 F. App'x 453, 460 (6th Cir. 2011) (citing *Blackmore*, 390 F.3d at 897).

The Sixth Circuit has specified that "[a] prisoner's allegation that a prison has failed to treat his condition adequately falls into the second category of cases, and . . . is evaluated under the effect-of-delay standard." *Anthony v. Swanson*, 701 F. App'x 460, 463 (6th Cir. 2017). Accordingly, a plaintiff asserting a claim for denial of a certain treatment must set forth medical testimony that the failure to provide him that treatment was detrimental to him to successfully counter a motion for summary judgment. *Id.* (finding that where the plaintiff challenged defendants' decision to deny him a colostomy, he had to "present a medical expert who can speak to the necessity of such a treatment and evaluate it vis-à-vis the treatment he received" and that, without such "medical testimony, his claim cannot succeed as a matter of law").

The subjective component requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds in Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference is more than mere negligence—it requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To meet this subjective standard, the defendant must have: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "draw[n] the inference;" and (3) "then disregarded that risk." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Also, for a municipality, such as Defendant Anderson County, to be liable under § 1983, the plaintiff must establish that a custom or policy of that entity caused a violation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation). Moreover, without an underlying violation of the plaintiff's constitutional rights, the municipality cannot be liable under § 1983. *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023) ("'There can be no liability under *Monell* without an underlying constitutional violation.'" (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)).

As set forth above, Defendant Anderson County has filed undisputed proof that, among other things, (1) it contracted with SHP for SHP to provide ACDF inmates appropriate dental care; (2) Plaintiff received some treatment, including ibuprofen, for his dental issue during the relevant time period underlying his complaint; (3) Plaintiff's dental issue underlying his complaint resolved itself without antibiotics; and (4) Plaintiff declined to see the ACDF dentist when the dentist was able to see him [Doc. 36-2 p. 1–3]. In response, Plaintiff has not come forward with proof that

any policy or custom of Defendant Anderson County caused any denial of dental care to him, or that the denials of dental care to him alleged in his complaint caused him a detrimental effect.

The Supreme Court has found that "the plain language of Rule 56(c) [of the Federal Rules of Civil Procedure] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, Defendant Anderson County is entitled to summary judgment in this action.

### III. CONCLUSION

For the foregoing reasons, Defendant Anderson County's motion for summary judgment [Doc. 36] will be **GRANTED**, and this action will be **DISMISSED**. Accordingly, Defendant Anderson County's motion to compel Plaintiff to provide discovery [Doc. 33] is **DENIED as moot**. Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge